985 P.2d 659

**Miriam Winona WHITMAN,**
**Plaintiff–Appellee,**

v.

**Wade W. WHITMAN, Jr.,**
**Defendant–Appellant**

No. 22409.

Supreme Court of Hawai'i.

Sept. 27, 1999.

Wade W. Whitman, Jr., defendant-appellant.

Robert M. Harris, for plaintiff-appellee Miriam Winona Whitman.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

PER CURIAM.

Defendant-appellant Wade Whitman, Jr. appeals from a family court decision and order valuing marital property in a divorce case. The family court *sua sponte* amended the decision and order after the notice of appeal was filed. Plaintiff-appellee Miriam Whitman moves to dismiss the appeal for lack of jurisdiction, contending that: (1) the decision and order is not an appealable final order because it was amended after the appeal was filed; and (2) a new and timely notice of appeal was not filed from the amendment of the decision and order.

For the reasons set forth below, we deny the motion to dismiss appeal.

## I. BACKGROUND

Wade Whitman, Jr. and Miriam Whitman were divorced on February 14, 1997. In dividing the parties' property, the family court, *inter alia*, awarded Miriam the marital residence she purchased before the marriage, but did not award Wade a share of any appreciation of the net equity of the residence, and further awarded Miriam 4,000 shares of stock in Wade's business and ordered Wade to pay Miriam $48,000 as the cash value of the stock calculated at twelve dollars per share.

On appeal of the divorce decree, the Intermediate Court of Appeals (ICA) held that the family court's failure to award Wade a share in any appreciation of the marital residence was based upon an erroneous finding that there was insufficient evidence to determine the market value of the marital residence and an erroneous deviation from the marital partnership model. The ICA also held that the family court erroneously calculated the value of the stock awarded to Miriam. Accordingly, the ICA remanded the case to the family court for (1) reconsideration of the appropriate net market value of any appreciation of the marital residence and a division of any appreciation under the marital part-

nership model and (2) redetermination of the value of the stock.

The family court entered a March 5, 1999 decision and order on the remanded matters. As to the market value of the marital residence, the family court determined that the net equity of the residence was $64,750 on the date of marriage (DOM) and $44,202 on the date of trial (DOT). Although this amounted to a negative net equity of $20,548, the March 5, 1999 decision and order inadvertently treated the $20,548 difference as an appreciation in net equity to be shared equally between Miriam and Wade:

> The Category 2 value of the appreciation of the residence is $20,548 (DOM net equity of $64,750 minus DOT net equity of $44,202). Each party is entitled to one-half of the appreciation, and therefore [Wade's] share of the appreciation of the [marital] residence is $10,274.

As to the valuation of the stock, the family court revalued the stock at $5.40 per share and awarded Miriam $21,600 as the cash value of the 4,000 shares of stock, such amount to be offset by "$10,274 due from [Miriam] to [Wade] for [Wade's] share of the appreciation of the [marital] residence." Wade contended that the stock had zero value. On April 5, 1999, Wade filed a timely notice of appeal from the March 5, 1999 decision and order.

Thereafter, while Wade's appeal was pending docketing in this court, the family court discovered its miscalculation of the $20,548 as an appreciation in net equity. The family court corrected the error on April 27, 1999 by filing the following amendment to the March 5, 1999 decision and order, styled an "Amended Decision and Order Sua Sponte":

> After careful review of the [proceedings on remand] and the [March 5, 1999] Decision and Order resulting therefrom, this court notes an inadvertent calculation error pertinent to the valuation of the [marital] property.
>
> This court now *sua sponte* corrects the calculation error and amends the Decision and Order filed on March 5, 1999 to read as follows:
>
> [Section II A APPRECIATION] is deleted in *toto* and the following language is

ordered: "The net equity at the date of marriage ("DOM") is $64,750 (i.e. $150,000 less DOM debt of $85,250). The net equity at the date of trial ("DOT") is $44,202 (i.e. $260,000 less DOT debt of $215,798). Therefore, there is a *negative equity* of (-)$20,548.

> Given the negative equity, the court finds zero (0) or negative (-) Category 2 appreciation that would entitle [Wade] to a share in [Miriam's] Category 1 property. Therefore, as to the [marital] residence, no equalization is ordered."
>
> [Section II D OFFSETS] is deleted and the following language is ordered: "[Miriam] is entitled to 50% of the DOT value of [Wade's business] or $21,600 (4,000 shares × $5.40/share). Therefore, [Wade] owes [Miriam] the total sum of $21,600, which shall be payable within 60 days of the filing of this Amended Decision and Order."

On July 6, 1999, Wade's appeal was docketed in this court. On July 16, 1999, Wade filed a "supplemental notice of appeal," purporting to appeal the April 27, 1999 amendment of the March 5, 1999 decision and order.

On August 11, 1999, Miriam moved to dismiss Wade's appeal. She argues that the March 5, 1999 decision and order is not an appealable final order because it was amended on April 27, 1999, and a new and timely notice of appeal was not filed from the April 27, 1999 amendment.

## II.  DISCUSSION

Hawai'i Family Court Rules (HFCR) Rule 60(a) permits the family court to correct decrees and orders containing mistakes arising from oversight or omission. Such mistakes may be corrected at any time on the family court's own initiative or on motion by a party. Where an appeal has been filed, such mistakes may be corrected before or after the appeal is docketed in the supreme court. The rule provides:

**Rule 60.  RELIEF FROM DECREE OR ORDER.**

(a) **Clerical Mistakes; Oversight; Omissions.** Clerical mistakes in decrees, orders or other parts of the record and

errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the supreme court, and thereafter while the appeal is pending may be so corrected with leave of the supreme court.

Rule 60(a) is used "to make the judgment or record speak the truth and . . . to make it say . . . what originally was pronounced." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure:* Civil 2d § 2854, at 241 (1995). A great variety of matters come within Rule 60(a).

> The court may correct clerical errors, the failure to enter judgment[,] . . . and mathematical computations. [The court may] correct . . . the addition of costs to a judgment. The judgment may be corrected by including interest if this is a matter of right[.] . . . The verdict may be corrected if it fails to report what the jury intended, wrongly apportions damages between the parties, confuses special and general damages, or reverses answers in the verdict. Similarly if the intention to include a particular provision in the judgment was clear, but the judge neglected to include the provision, the rule authorizes correction of the judgment.

*Id.* at 242–248 (internal footnotes omitted).

 In the instant case, the March 5, 1999 decision and order fully determined the matters on remand and is an appealable final order of the family court. Hawai'i Revised Statutes (HRS) §§ 571–54 and 641–1(a). The April 27, 1999 amendment of the March 5, 1999 decision and order is a correction of obvious mathematical errors for which correction by the family court, on its own initiative, was authorized under HFCR Rule 60(a) before the appeal of the March 5, 1999 decision and order was docketed in this court. The April 27, 1999 amendment being a pronouncement of what the March 5, 1999 decision and order should have stated, the appeal filed by Wade on April 5, 1999 is deemed to be an appeal of the March 5, 1999 decision and order and the April 27, 1999 HFCR Rule 60(a) amendment thereof.

## III. CONCLUSION

For the foregoing reasons, the August 11, 1999 motion to dismiss appeal is denied.